THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ISAAC RYAN HALSTEAD,<br><br>Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>Respondent. | **MEMORANDUM DECISION &**<br>**ORDER TO SHOW CAUSE**<br><br>Case No. 4:25-CV-82-DN<br><br>District Judge David Nuffer |

Petitioner, Isaac Ryan Halstead, requests federal habeas relief as to his Utah state convictions. *See* 28 U.S.C.S. § 2254 (2026).[1] The Court drew Petitioner's state case numbers from the petition, which enabled it to access the state-court dockets and deduce that this action was filed too late. *See* 28 *id*. § 2244(d). Indeed, the following timeline appears to support dismissal of this petition.

On May 12, 2023, based on Petitioner's state criminal convictions, he was sentenced to the following five terms in the Utah State Prison: **a.** one of one-to-fifteen years; **b.** three of zero-to-five years; and **c.** one of zero-to-one year. Min. Sentence, J., Commitment, *State v. Halstead*, No. 221500140 (Utah 5th Dist. Ct. May 12, 2023), Dkt. No. 121. On July 20, 2023, the Utah Court of Appeals affirmed the convictions. Order of Affirmance, *State v. Halstead*, No. 20230295-CA (Utah Ct. App. July 20, 2023), Dkt. No. 18. On October 13, 2023, the Utah

---

[1]Section 2254 reads in pertinent part:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.S. 2254(a) (2026).

Supreme Court denied Petitioner's petition for writ of certiorari. Order, *State v. Halstead*, No. 20230810 (Utah Oct. 13, 2023), Dkt. No. 5. There is no indication that Petitioner filed a request for review by the United States Supreme Court. On April 11, 2025, Petitioner filed a state post-conviction petition. Pet., *Halstead v. Utah*, No. 250500089 (Utah 5th Dist. Ct. Apr. 11, 2025), Dkt. No. 1. On December 18, 2025, Petitioner's claims were dismissed. Order, *id.*, Dkt. No. 43. There is no indication that Petitioner appealed the dismissal. On June 30, 2025, Petitioner filed this federal habeas action. Pet., Dkt. No. 1. On February 27, 2026, Petitioner filed the second amended petition currently at issue. 2d Am. Pet., Dkt. No. 18.

Federal law imposes "a 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.S. § 2244(d)(1) (2026). The period generally runs from the day "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

After the Utah Supreme Court denied Petitioner's certiorari petition on direct review on October 13, 2023, Petitioner apparently did not file a certiorari petition in the United States Supreme Court. The time to do so expired January 11, 2024, which is when Petitioner's conviction became final. Sup. Ct. R. 13.1 (giving ninety days to file "petition for a writ of certiorari to review a judgment in any case . . . entered by a state court of last resort"). The federal one-year limitation period began running on that date and expired one year later, on January 10, 2025, before Petitioner filed his state post-conviction petition on April 11, 2025.[2] Then, on June 30, 2025, Petitioner filed this action--171 days too late.

---

[2] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.S. § 2244(d)(2) (2026). However, the limitations period is tolled by state petitions for habeas relief only when filed within the one-year limitations period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Having been filed after the federal period of limitation's expiration, Petitioner's state post-conviction

2

**IT IS THEREFORE ORDERED** that Petitioner has thirty days in which to **SHOW**

**CAUSE** why this action should not be dismissed because it was filed after the expiration of the

period of limitation.

DATED this 11th day of April, 2026.

BY THE COURT:

_____

JUDGE DAVID NUFFER
United States District Court

---

petition did not toll the running of the period. The timing of the post-conviction petition is thus irrelevant to the analysis here.