THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ISAAC RYAN HALSTEAD,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>    Respondent. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 4:25-CV-82-DN<br><br>District Judge David Nuffer |

On April 11, 2026, this Court ordered Petitioner to within thirty days "**SHOW CAUSE** why this action should not be dismissed because it was filed after the expiration of the period of limitation." Dkt. No. 19. Petitioner responds, in relevant part, that he proceeds *pro se* yet has "received zero leniency"; and, "there is knew [sic] evidence on the table, that has not gotten fairly addressed." Dkt. No. 20. Perhaps this is Petitioner's way of arguing that he should be exempt from compliance with the period of limitation.

### A. EQUITABLE TOLLING

The Court first addresses whether the scenario underlying these assertions triggers equitable tolling to save Petitioner from the limitation period's operation. "Equitable tolling will not be available in most cases," *Calderon v. U.S. Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted), as time extensions may be granted only "if the untimely petitioner (1) diligently pursued habeas relief, and (2) an extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 560 U.S. 631, 649 (2010). Such situations include times "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner

from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. 2005) (unpublished) (quoting *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished). Against the backdrop of these general principles, the Court considers Petitioner's more specific arguments.

Petitioner possibly asserts that his lateness should be overlooked because, as a *pro se* litigant, he lacks the legal knowledge necessary to make effective arguments. But, for one thing, he has not specified how, between January 11, 2024 and January 10, 2025, he was continually and thoroughly thwarted from filing, by the allegedly uncontrollable circumstance of lack of knowledge. He also does not hint what continued to keep him from filing even in the 171 days beyond the limitation period or how extraordinary circumstances eased to allow him to file this habeas-corpus petition on June 30, 2025. Such vagueness is fatal to his implicit contention that extraordinary circumstances kept him from a timely filing. *See Johnson v. Jones*, 274 F. App'x 703, 705-06 (10th Cir. 2008) (unpublished). Further, it is well settled that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation modified).

Petitioner has thus not met his burden here; in other words, he has not specified any valid exceptional circumstances and linked such circumstances to actual dates. He has not explained how he was able to file a habeas case on June 30, 2025, but was not able to during the entire running of the period of limitation and 171 days beyond. *Cf. Sampson v. Patton*, 598 F. App'x

2

573, 575-76 (10th Cir. 2015) (denying equitable tolling based on assertion of mental illness when Petitioner did not specify or provide evidence of timeline of mental incapacitation).

The Court therefore declines to apply equitable tolling here.

### B. ACTUAL INNOCENCE

The Court next addresses Petitioner's potential rationale that the period of limitation does not apply because of new evidence. Though Petitioner does not say so, maybe he means to suggest he is actually innocent.

An actual-innocence claim may not be grounded on "speculations and conjectures" but rather requires some "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)). Further, this evidence must "affirmatively demonstrate[ the petitioner's] innocence," not just "undermine the finding of guilt against him." *Green v. Kansas*, 190 F. App'x 682, 685 (10th Cir. 2006) (unpublished) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (citation modified)). Crucially, this means "factual innocence, as opposed to mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). After presenting such evidence, a petitioner must then "show that in light of the new evidence, 'no reasonable juror would have found the defendant guilty.'" *See Rose v. Newton-Embry*, 194 F. App'x 500, 502 (10th Cir. 2006) (unpublished) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Such evidence is so very rare that "'in virtually every case, the allegation of actual innocence has been summarily rejected.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citations omitted).

3

Though Petitioner's response to the Court's Order to Show Cause does not specify, the Second Amended Petition (SAP) itself possibly implies what this new evidence is--i.e., "[t]he inadmissible bags." Dkt. No. 18, at 5. The SAP states that Petitioner "sent in a phone call taken from Central Utah Correctional Facility to Judge Nuffer's email as well as Magistrate Dustin B. Pead's." *Id.* Petitioner goes on to say that "this gathered evidence . . . exposes a truer story to the arrest nexus[; m]y mother confesses to taking bags the night before, and probable other suspects." *Id.* Additionally, there is a printed email chain on the docket that appears to be the information sent from an email address associated with Petitioner to court email addresses, including those assigned to District Judge David Nuffer and Magistrate Judge Dustin B. Pead. Dkt. No. 11. The information, which may expand on the "new evidence" Petitioner speaks of, is stated as follows:

> Isaac left all his bags with his mother. The bags found at the library did not belong to Isaac. His mother acknowledges keeping all his bags after dropping him off. . . . There was also a 5th amendment violation in officer video at 1:30-2:10 and 3:50-4:05. . . . This is the evidence in question. Starts at 6:30 in the video, where Isaac is talking about needing to get the paperwork from his attorney for the purpose of filing an appeal. . . . There is evidence that the firearms were Richard Halstead's and did not belong to Isaac Halstead. There is also evidence Jill B. Young plotted to steal firearms.

Dkt. No. 11.

First, this account of new evidence does not tell the Court anything about how the "inadmissible bags" relate to the crime and why the bags are relevant to Petitioner's conviction, let alone "consist[] of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Rose*, 194 F. App'x at 502. And without such details, Petitioner does not "undermine the finding of guilt against him," much less meet the standard of "affirmatively

4

demonstrat[ing] his [factual] innocence." *Green*, 190 F. App'x at 685. These failures make it impossible for Petitioner to then show, as required to move forward, "that in light of the new evidence, no reasonable juror would have found the defendant guilty." *See Rose*, 194 F. App'x, at 502 (citation modified).

The Court therefore rejects Petitioner's possible contention that new evidence provides him with an argument of actual innocence to overcome the period of limitation's bar of this action.

### C. CERTIFICATE OF APPEALABILITY

The Court next considers whether to issue a certificate of appealability (COA). *See* R. 11, Rs. Governing § 2254 Cases in the United States District Courts ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant."). When a habeas petition is denied on procedural grounds, as this one is, a petitioner is entitled to a COA only if he shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C.S. § 2253 (2026)). Petitioner has not made this showing.

### D. CONCLUSION

Petitioner's habeas petition is untimely. And Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Nor has he validly asserted his actual innocence. Petitioner thus has not established a basis for reprieve from the period of limitation's enforcement.

**IT IS ORDERED that:**

**1.** This federal habeas corpus petition is **DENIED**. Dkt. No. 18. Three iterations of the petition, Dkt Nos. 1, 13, 18, and three rounds of explanation of pleading deficiencies, Dkt. Nos. 12, 17, 19, have not resulted in an adequately improved pleading. Neither liberal interpretation of Petitioner's claims nor further opportunity to amend would appear to lead to a different result.

**2.** A certificate of appealability is **DENIED**.

Dated June 15, 2026.

BY THE COURT:

David Nuffer
United States District Judge